IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

APRIL FERRYMAN,

    Plaintiff,

  v.

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

    Defendant.

:

:

:

:

Case No. 3:16-cv-183

JUDGE WALTER H. RICE

MAGISTRATE JUDGE
SHARON L. OVINGTON

---

DECISION AND ENTRY ADOPTING REPORT AND
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE
(DOC. #12), AND OVERRULING OBJECTIONS OF PLAINTIFF APRIL
FERRYMAN (DOC. #13), WHO WAS SEEKING REMAND FOR AN
IMMEDIATE AWARD OF BENEFITS; JUDGMENT TO BE ENTERED IN
FAVOR OF PLAINTIFF AND AGAINST DEFENDANT NANCY A.
BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY,
REVERSING THE COMMISSIONER'S DECISION THAT PLAINTIFF
WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO
BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING
THE CAPTIONED CAUSE TO THE COMMISSIONER UNDER THE
FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER
PROCEEDINGS; TERMINATION ENTRY

---

Plaintiff April Ferryman ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On May 22, 2017, Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #12, recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be vacated, and

remanded to the Commissioner for further proceedings. Based upon reasoning and citations of authority set forth below, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #5, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations, Doc. #12, and OVERRULES Plaintiff's Objections, Doc. #13, to said judicial filing, in which Plaintiff seeks a remand for the immediate payment of benefits. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, as not supported by substantial evidence, and remanding the matter to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with the Report and Recommendations and this Entry.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

2

*Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938)). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human*

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

3

*Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.	The Magistrate Judge correctly concluded that the Administrative Law Judge ("ALJ") did not provide good reasons for her decision to assign minimal weight to the opinions of Linda J. Griffith, M.D., Plaintiff's treating psychiatrist, or <u>any</u> reason in assigning minimal weight to the opinions of Tracy Detwiler, Plaintiff's treating physician assistant, and Callie Hawkins, LISW-S, Plaintiff's treating social worker.  Doc. #12, PAGEID #706-14 (citing Doc. #5-3, PAGEID #165-67).  Thus, the ALJ's rejection of Dr. Griffith's opinion was not supported by substantial evidence, and his rejection of Mmes. Detwiler and Hawkins's opinions was in derogation of the Commissioner's own rules. *Id.*, PAGEID #712, 714 (citing Soc. Sec. R. 06-03p, 2006 WL 2329939, at * 6 ("the adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning.").  As the ALJ concedes that, if he had assigned significant weight to Dr. Griffith's opinion, Plaintiff "would undoubtedly be considered disabled," Doc. #5-3, PAGEID #166, remand is necessary so that the ALJ's assignment of weight to Dr. Griffith's opinion (and the opinions of Mmes. Detwiler and Hawkins, to the extent that

4

they are intertwined with the Dr. Griffith's opinion) is accompanied by good reasons, and thus, supported by substantial evidence. Doc. #12, PAGEID #713-14, 718.

2. Because the ALJ's decision to assign minimal weight to the opinion of Dr. Griffith was not supported by substantial evidence, his decision to give significant weight to the Commissioner's consulting psychologists, Caroline Lewin, Ph. D., and Irma Johnston, Psy.D., Doc. #5-3, PAGEID #165, was likewise not supported by substantial evidence. *See* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources"). However, the findings of Drs. Lewin and Johnston, Doc. #5-3, PAGEID # 104-11, 130-34, are evidence that could reasonably support a finding of non-disability, so long as the ALJ provides good reasons for weighing consultative sources more heavily than treating sources. As "the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking[,]" *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 191, 194 (6th Cir. 1994), remand for further proceedings, rather than an immediate award of benefits, is appropriate.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge, Doc. #12, and overrules Plaintiff's Objections to said judicial filing, seeking remand for an immediate award of benefits. Doc. #13. Judgment shall enter in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, and remanding the

captioned cause to the Defendant Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further proceedings consistent with the Report and Recommendations and this Entry.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: July 28, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE